IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN A. PISKOR, | ) | CASE NO. 1:18-cv-1885 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert (ECF #18). On August 15, 2018, Plaintiff, Mr. Stephen A. Piskor, filed his Complaint (ECF #1) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") holding Plaintiff liable for repayment of $7,859.61 accrued during the period of April 1, 2013 to March 1, 2016 due to excess resources.

On March 29, 2019, Plaintiff requested a judgment: (1) to find that he is not liable for repayment because the Social Security Administration ("SSA") was not justified in reducing or stopping his Social Security Income ("SSI") payments; and (2) to restart his SSI benefits and receive back pay from the period beginning January 1, 2018 to the present. (ECF #15). On April 29, 2019, Defendant filed a brief on the merits. (ECF #16). On May 7, 2019, Plaintiff filed a reply brief. (ECF #17).

Based on the information available to the court, the record revealed three sources of income that led the SSA to determine they overpaid Plaintiff: (1) royalties from a self-published

book, (2) a large settlement, and (3) benefits received from living with his brother. (ECF #16 at 10-14, ECF #16-2 at 1).

Plaintiff, however, raised several arguments to rebut the sources of income listed. First, he argued that the royalties from his book should not count towards a source of income because he self-published it. (ECF #15 at 1-2). Further, he states that he did not belong to a business or trade (arguing that this was a life work, a hobby, not intended to be a career or money making endeavor). (ECF #15 at 2). However, Social Security regulations state that "[r]oyalties that are earned income are payments to an individual in connection with *any publication of the work of the individual.*" 20 C.F.R. § 416.1110(e) (emphasis added). Therefore, royalties from the book fall squarely into this regulation qualifying it as a source of income for the Plaintiff.

Next, Plaintiff argues that the settlement amount should not count as income because he spent down the money below the $2,000 resource limit, therefore, he remained eligible for SSI. (ECF #15 at 5-8). He assumed that his checking account needed to be below the resource limit, despite having an attorney trust account from which he was paid out money from the settlement. (ECF #18 at 12-13). However, a trust is taken into consideration when calculating resources for SSI unless it is a special needs trust or a pooled trust. (*Id.*). Here, it is neither a special needs trust nor a pooled trust, and thus properly counted as a resource for SSI calculation. (ECF #18 at 14).

The Plaintiff also requested that the Court grant his request to restart SSI payment from January 1, 2018 to present. However, this request is outside the scope of review, which is limited to the final decision of the Commissioner of Social Security. *See* 42 U.S.C. § 405(g); *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

Finally, on September 6, 2019, the Magistrate Judge issued his Report and Recommendation. The Magistrate Judge found that the Commissioner's decision holding Plaintiff liable for repayment of $7,859.61 accrued during the period of April 1, 2013 to March 1, 2016 due to excess resources was supported by substantial evidence and recommends that the Commissioner's decision be affirmed. Objections to the Report and Recommendation needed to be filed within 14 days of service. No objections were filed.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether a party filed an objection to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. Regarding subsection (b) of 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy that there is no clear error on the face of the record to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

## Conclusion

The Court carefully reviewed the Report and Recommendation and agrees with the findings set forth therein. The Report and Recommendations of Magistrate Judge George J. Limbert (ECF #18) is ADOPTED. The decision of the Commissioner holding Plaintiff liable for repayment of $7,859.61 accrued during the period of April 1, 2013 to March 1, 2016 due to excess resources is AFFIRMED. Plaintiff's request that the case be reversed and remanded (ECF #1) is DENIED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: September 24, 2019